UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DAY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 3:21-cv-00409 |
| VARUN DATTA and 4NEW LTD., | ) ***Jury Trial Requested*** |
| Defendants. | ) |

## Complaint

For his Complaint against Defendants Varun Datta ("Datta") and 4NEW Ltd. (together with Datta, "4NEW"), Plaintiff John Day ("Day") states as follows:

## Introduction

1. This is an action for fraud and, in the alternative, unjust enrichment.

2. In 2018 4NEW began marketing and selling its proprietary cryptocurrency, called "KWATT."

3. In the summer of 2018, 4NEW communicated to Day that KWATT's value derived from electrical power generated by power plants owned by 4NEW and located in Middlesbrough and Hartlepool in the United Kingdom.

4. At that time and continuing to the present, 4NEW did not, and does not, own any power plants, and specifically did not own any power plants located in Middlesbrough and Hartlepool. 4NEW's representations to Day were, therefore, false.

5. Beginning on August 21, 2018, and in reliance on 4NEW's false assertions, Day transferred some of his valuable Etherium cryptocurrency ("ETH") in exchange for 4NEW's valueless KWATT.

6. Through January 3, 2019, Day continued to exchange his valuable ETH for 4NEW's valueless KWATT in reliance on additional false assertions from 4NEW made directly and specifically to Day.

7. By January 3, 2019, Day had determined that many of 4NEW's communications to him were both material and false.

8. 4NEW and Datta never compensated Day in any way for Day's loss of his ETH incurred in reliance upon 4NEW's material and false communications.

9. Day filed this lawsuit to be made whole for the damage done by 4NEW's lies.

## Jurisdiction and Venue

10. Day is a citizen of Indiana, residing in St. Joseph County.

11. Datta is a citizen of Florida for purposes of diversity jurisdiction under 28 U.S.C. § 1332, residing at 3131 NE 7th Avenue, Unit 4304, Miami, FL 33137.

12. 4NEW is a limited company formed under the laws of Britain and is a citizen of the United Kingdom for purposes of diversity jurisdiction under 28 U.S.C. § 1332, with its principal place of business at 6 Lanark Square, 2nd Floor, London, UK E14 SRE.

13. As part of 4NEW's activities to market and sell KWATT, it availed itself of Indiana's market through the internet and world wide web, specifically communicating with Day, all while Day was located in and a citizen of St. Joseph County, Indiana.

14. Further, Datta directly messaged Day while Day was in St. Joseph County, Indiana.

15. This Court has subject-matter jurisdiction over Day's claims under 28 U.S.C. § 1332(a)(2) because (i) Day and Datta are citizens of different U.S. states and 4NEW is a citizen of a foreign state, and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. Venue of this action in the Northern District of Indiana, South Bend Division, is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Day's claims occurred in this district.

## General Allegations

### A. 4NEW Lied to Day About the Assets Providing Value to its Cryptocurrency.

17. In 2018 4NEW began marketing and selling its proprietary cryptocurrency, KWATT.

18. In the summer of 2018, 4NEW communicated to Day that KWATT's value derived from electrical power generated by power plants located in Middlesbrough and Hartlepool in the United Kingdom and owned by 4NEW. Specifically, 4NEW stated that:

3

  a. "4NEW's power plants earn enough revenue from cleaning city waste and governmental incentives to cover the entire costs of the power plant."; and

  b. "4NEW have [sic] managed to aquire [sic] 2 [power] plants…"

19. These statements were false.  At that time and continuing to the present, 4NEW did not, and does not, own any power plants, and specifically did not own any power plants located in Middlesbrough and Hartlepool.

### B. Day Relied on 4NEW's Material Lies and, as a Result, Lost His Valuable Property.

20. In reliance on 4NEW's false assertions identified above, on August 21, 2018, Day began transferring his valuable ETH in exchange for 4NEW's valueless KWATT.

21. Thereafter, Datta reinforced 4NEW's lies with additional false statements made directly to Day via direct messaging, including:

  a. Datta's false statement that "We have partnered with bitfury" made directly to Day on October 5, 2018;

  b. Datta's false statement that "The video is the same miners" made directly to Day on October 8, 2018;

  c. Datta's false statement that "Everything is on track we are currently mining as we talk" made directly to Day on October 16, 2018;

  d. Datta's false statement that "till the date BTC was above $4100 we were making enough profit to make the payments" made directly to Day on November 27, 2018;

  e. Datta's false statement that "[Withdrawals for January are] in test mode" made directly to Day on December 12, 2018; and

  f. Datta's false statement that "Withdrawal functionality is live as promised" made directly to Day on December 15, 2018.

22. In reliance on one or more of these specific lies from Datta, Day exchanged his valuable ETH for 4NEW's valueless KWATT over one hundred times between August 21, 2018 and January 3, 2019.

23. By January 3, 2019, Day had concluded that many of 4NEW's communications to him were both material and false.

24. On January 3, 2019, Day said to Datta via direct messaging, "You lied to me - directly", after which he demanded repayment.

## Claims for Relief

### *Count I – Fraud*

25. Day incorporates the previous allegations into this paragraph.

26. 4NEW made false statements of past or existing fact to Day. Specifically, 4NEW lied to Day as detailed in Paragraphs 18 and 21.

27. 4NEW knew the statements were false, or made the statements recklessly, with disregard as to their truth or falsity.

28. 4NEW made the false statements intending that Day would act upon them by transferring Day's valuable property for 4NEW's benefit, and with the intent to deprive Day of his valuable property. Indeed, the entire basis for Datta's communication with Day was transactional; It was to encourage Day's exchange of

his valuable property for 4NEW's valueless KWATT.

29. Day justifiably or reasonably relied and acted upon 4NEW's false statements. Others relied and acted upon 4NEW's false statements like Day did, and Day engaged in personal communication with Datta to conduct due diligence before future exchanges of Day's ETH for KWATT.

30. Day was damaged as a result. Specifically, and amongst other damages, Day lost possession of his valuable ETH due to 4NEW's fraud.

### *Count II – Unjust Enrichment/Quantum Meruit (in the alternative)*

31. Day incorporates the previous allegations into this paragraph.

32. Day transferred his valuable ETH in exchange for valueless KWATT at 4NEW's request.

33. 4NEW's lies induced Day to provide his valuable ETH for valueless KWATT for the benefit of 4NEW, which is unfair to Day.

34. Compensation to Day is necessary to prevent 4NEW from being unjustly enriched at Day's expense.

**WHEREFORE**, Day respectfully requests judgment in his favor and against Datta and 4NEW, including the following:

A. An award of damages to compensate Day for his losses;

B. Treble damages under Indiana common law applicable to claims alleging fraud;

C. An award of attorney's fees under Indiana common law applicable to claims alleging fraud;

D. An award of prejudgment and post judgment interest; and

E. All other legal and equitable relief just and proper under the circumstances.

## Jury Trial Demand

Day requests a jury trial on all issues so triable.

Respectfully submitted,

/s/ John D. LaDue

John LaDue (19039-71)
John W. Ross (24369-71)
SouthBank Legal: LaDue | Curran | Kuehn
100 East Wayne Street Suite 300
South Bend, IN  46601
(574) 968-0760 (Tel)
(574) 968-0761 (Fax)
jladue@southbank.legal
jross@southbank.legal

*Attorneys for Plaintiff*